IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MERCK & CO., INC., and MSD TECHNOLOGY, L.P., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 05 CV 3696 |
| | ) | 05 Civ. |
| v. | ) | |
| | ) | |
| NORTH PHARMACY INC. and | ) | |
| PPI PIVOTAL PARTNERS INC., d/b/a | ) | |
| CANADAPHARMACY.COM | ) | |
| | ) | |
| Defendants. | | |

RECEIVED
APR 1 1 2005
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs, Merck & Co., Inc. ("Merck") and MSD Technology L.P. ("MSD"), by

their undersigned attorneys, for their complaint against Defendants North Pharmacy Inc. and PPI

Pivotal Partners Inc. d/b/a canadapharmacy.com ("canadapharmacy.com" or "Defendants")

respectfully allege with knowledge of their own actions and on information and belief as to

actions of others as follows:

      1.      This action is by Plaintiffs against Defendants for:

      (a)      infringement of United States Patent No. 4,444,784 ("the '784

patent") under 35 U.S.C. § 271;

      (b)      trademark infringement under 15 U.S.C. § 1114(1);

      (c)      unfair competition pursuant to § 43(a) of the Lanham Act, 15

U.S.C. § 1125(a);

      (d)      trademark dilution under the Federal Trademark Dilution Act, 15

U.S.C. § 1125(c);

      (e)      trademark infringement and unfair competition in violation of the common law of New York and §§ 360-1 and 360-o of the New York General Business Law;

      (f)      injury to Merck's business reputation and dilution of the distinctive quality of Merck's trademarks in violation of § 360-1of the New York General Business Law; and

      (g)      unlawful deceptive acts and practices in violation of New York General Business Law §§ 349-350.

### The Parties

2.      Merck is a corporation organized and existing under the laws of the State of New Jersey.  Merck's headquarters are located at One Merck Drive, Whitehouse Station, New Jersey 08889.

3.      MSD Technology L.P. is a limited partnership organized and existing under the laws of Delaware, with an address c/o Merck Sharp & Dohme Chibret A.G., 96 Pitts Bay Road, Pembroke HM 08 Bermuda.

4.      North Pharmacy Inc. and PPI Pivotal Partners Inc. are Canadian corporations, with at least one of them having addresses at 110-165 Kimtra Rd., Victoria, B.C., V9A 7T1 Canada, and/or #12-19257B Enterprise Way, Surrey, B.C. V35 6J8 Canada. Defendants do not have a place of business or employees located in the state of New York.

5.      Defendants:  (a) control, host and operate a website located at www.canadapharmacy.com and use that website to commit the tortious and wrongful activities described herein; and (b) are the owners of the Internet domain name canadapharmacy.com, and use that domain name to host the aforementioned website where Defendants advertise, promote, offer for sale and sell prescription drug products including those identified as "ZOCOR" and

"ZOCOR" "Generic" in this judicial district and throughout New York and elsewhere in the United States.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over Count I in this action, pursuant to 28 U.S.C. § 1338(a); over Counts II through V in this action, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and over Counts VI through VIII in this action, pursuant to 28 U.S.C. §§ 1367 and 1338(b), and the doctrines of pendant and supplemental jurisdiction.

7.      Defendants have committed tortious and wrongful acts of patent and trademark infringement and dilution, unfair competition and acts in violation of the common law and state statutory laws by advertising, promoting, selling and offering to sell in the State of New York and elsewhere in the United States, certain prescription drug products, including those identified as "ZOCOR" "Generic" products.

8.      Defendants have transacted and do transact business in the State of New York, by their advertising, promotion, sales and offers to sell prescription drug products, including those identified in paragraph 7.

9.      This Court has personal jurisdiction over Defendants based on the aforementioned activities in this judicial district.

10.     Venue is proper in this District pursuant to the provisions of 28 U.S.C. §§ 1391(d) and 1400.

## Merck's Patent

11.     The '784 patent, entitled "Antihypercholesterolemic Compounds", was duly and legally issued to Merck on April 24, 1984, and was thereafter assigned to MSD, which is its current owner.  Merck is the licensee of the '784 patent (a copy is attached at Tab A).

## Merck's ZOCOR® (Simvastatin) Product and Trademarks

12.    Merck, one of the world's leading pharmaceutical companies, is a global research-driven company that discovers, develops, manufactures and markets throughout the world a broad range of human health products.  Merck invests billions of dollars in the research and development of its broad portfolio of highly-innovative prescription drugs.

13.    Merck's research and development efforts have culminated in many industry-leading products, including Merck's extremely successful prescription drug product ZOCOR®, which is used to treat patients who have or are at risk of coronary heart disease and/or have elevated cholesterol levels.  The active ingredient in the ZOCOR® product is simvastatin. ZOCOR® brand simvastatin is used to reduce the amount of cholesterol and certain fatty substances in the blood.

14.    Merck holds the approved U.S. Food and Drug Administration ("FDA") New Drug Application for its simvastatin product.  There are no generic simvastatin products approved by the FDA for sale in the United States.  Thus, Plaintiffs are the sole and exclusive entities authorized under the U.S. patent laws and the U.S. regulatory laws embodied in Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., to sell simvastatin product in the United States.

15.    Merck's ZOCOR® brand simvastatin product has been continuously marketed and sold in the United States under Merck's ZOCOR® trademarks since at least November of 1986.  Merck's ZOCOR® product is one of the most frequently prescribed medications in the United States.  U.S. sales of the ZOCOR® product in 2004 totaled $3.61 billion.  Sales to customers in the state of New York in 2004 totaled approximately $228.3 million.

16.    Merck owns two United States trademark registrations for its ZOCOR® trademark for a pharmaceutical preparation for use as an antihypercholesterolemic agent.  U.S.

trademark registration no. 1,457,984 for the word mark ZOCOR® issued on September 22, 1987. U.S. trademark registration 1,749,211 for the trademark ZOCOR (& Design) ® issued on January 26, 1993. Both of these federal trademark registrations are valid, subsisting and incontestable under 15 U.S.C. § 1065. Copies of information from the U.S. Patent and Trademark Office website concerning Merck's United States ZOCOR® registrations are attached as Exhibit B. The ZOCOR® trademark is also registered in many different countries around the world.

17.     The ZOCOR® and ZOCOR (& Design)® trademarks (hereinafter "the ZOCOR® trademark") are extremely well-known, famous and distinctive in the United States and in many countries of the world as designating the product originating with, sponsored by and associated with Merck. The ZOCOR® trademarks are an extremely valuable assets that have acquired substantial goodwill.

<u>**Defendant's Illegal Activities**</u>

18.     Defendants offer for sale and sell prescription drugs to consumers over the Internet, including products identified as "ZOCOR" "Generic", which products are not authorized by Plaintiffs.

19.     As set forth above, Defendants host and operate a website located at canadapharmacy.com, which site is used by Defendants to advertise and sell prescription drugs. Defendants have engaged the "Sponsor Results" services of Overture Services, a subsidiary of Yahoo! Using this service, Defendants have paid for the keyword "ZOCOR", which results in Defendants' website being among the first results returned by the Yahoo search engine, when a user conducts a search for "ZOCOR".

20.     Defendants' website is directed to customers outside of Canada, including, in particular, the United States. All advertised product prices are quoted in United States dollars.

Also, the site informs customers that "Your U.S. prescription goes to a fully licensed Canadian doctor" who reviews the prescription and the patient's medical history and 'reissue[s] [it] as a Canadian prescription". The drop down menu on the required customer information form on the site defaults to the "United States" for the entry requiring contact information, and clearly directs the form to U.S. residents. In addition, about 74% of the visitors to Defendant's website have been located in the United States at certain times, and Defendants claim to be the most visited Canadian mail order pharmacy website, with over 500,000 customers and over one million prescriptions filled.

21.     Defendants' website is interactive and, for example, permits on-line interaction with prospective customers and customers, including on-line orders for the prescription drug products offered for sale. Defendant's website purports to operate as a local pharmacy would, providing service and assistance to its customers at their own location. New patients are required to fill out and submit a patient information form which facilitates contact with customers and their physicians. Defendant's website offers receipts that can be submitted to the customer's insurance company for reimbursement.

22.     Defendant's website lists names of the drugs offered, including "ZOCOR" product, which is prominently featured on the home page as one of the "Most Requested Products," in the famous stylized design which is the subject of Merck's Trademark Registration no. 1,749,211. On the home page, the famous stylized "ZOCOR" mark is displayed above the words "Merck Frosst" and "New generic listed!"

23.     When consumers "click" on the appropriate locations featuring "ZOCOR", or when they type "ZOCOR" into the "Search Products" feature available on the home page and at other locations throughout the site, consumers are linked to a page that again

displays the famous stylized ZOCOR mark and the words "<u>Manufacturer</u>: Merck Frosst" directly

above the words "<u>Description</u>:  Generic Substitute Available."  Five dosage levels are offered (5,

10, 20, 40 and 80 mg) of "ZOCOR" "Generic" and "Brand" products and the website invites the

customer to purchase these products by clicking to indicate the desired dosage level, which leads

to links where information is taken and processed, resulting in a sale.  The medication is shipped

directly to the consumer (copies of the home page and selected pages of Defendants' website are

at Tab C).

       24.      Defendants offer to sell and sell the "ZOCOR" "Generic" products in the

United States and in this District at a price of $70, $119 and $150, respectively, depending on

dosage level and quantity.  As alleged above, all prices for this and other products offered for

sale on Defendants' website are quoted in U.S. currency.

       25.      Defendants receive payment for the products sold through this website to

customers in the United States by transmittal from its customers' credit card companies, which

companies are located in the United States.  Thus, these United States based companies hold

funds for the benefit of Defendants.

       26.      The "ZOCOR" "Generic" products sold on Defendants' website and

delivered by Defendants to purchasers in New York and other areas of the United States are not

authorized or approved by Plaintiffs.

       27.      Defendant's use of the ZOCOR® trademark for "ZOCOR" "Generic"

products is unauthorized by Merck and is used by Defendants to compete directly and unfairly

with authorized products offered under the ZOCOR® trademark.

28.     Defendants offer to sell, sell and ship to purchasers in New York and elsewhere in the United States, simvastatin products that are not authorized by law for sale in the United States, including the activities of Defendants alleged herein.

## COUNT I
## INFRINGEMENT OF THE '784 PATENT (35 U.S.C. § 271)

29.     Plaintiffs repeat and reallege paragraphs 1 through 28 above as if fully set forth herein.

30.     Defendants' sales and/or offers for sale of simvastatin products in New York and elsewhere in the United States, are without license or permission from Plaintiffs, and infringe the '784 patent under 35 U.S.C. § 271.

31.     Plaintiffs have been and will continue to be irreparably harmed if Defendants are not enjoined from infringement of the '784 patent.

32.     Defendants have had notice that certain of their products are covered by the '784 patent and have continued to willfully and deliberately infringe that patent.

33.     The actions of Defendants have been "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT II
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

34.     Merck repeats and realleges paragraphs 1 through 33 above as if fully set forth herein.

35.     Defendants' activities in commerce in connection with the sale of "ZOCOR" "Generic" products, as described above, are likely to cause confusion, mistake, or deception as to the source or sponsorship of such products and/or its affiliation with Merck,

causing harm to Merck's reputation and goodwill.  Purchasers and potential purchasers are likely to believe in error that such products are of the same quality and efficacy as Merck's products and/or that such products originate from, are approved by or are distributed by or under the authorization or sponsorship of Merck.

36.     As described above, Defendants' use of Overture Services "Sponsor Results" services which use the keyword "ZOCOR" to direct Internet traffic to Defendants' website is designed to misdirect those persons searching the Internet for Merck's ZOCOR® product to Defendants' website.  Through such intentional acts, Defendants seek to and have succeeded in creating initial interest or pre-sale confusion, diverting customers from purchasing Merck's ZOCOR® simvastatin product and to instead purchase Defendant's products.

37.     Defendants' activities in commerce as alleged herein have resulted in actual confusion.

38.     The use of the ZOCOR® trademark by the Defendants described herein, which activities are without license or permission from Merck, constitutes infringement in violation of the Lanham Act, including section 32(1), 15 U.S.C. § 1114(1).

39.     The activities of Defendants complained of herein constitute willful and intentional infringement of the ZOCOR® trademark.

40.     The conduct of the Defendants complained of herein has caused and will continue to cause substantial irreparable damage and injury to Merck for which there is no adequate remedy in law.

**COUNT III**
**UNFAIR COMPETITION AND**
**FALSE DESIGNATION OF ORIGIN** (15 U.S.C. § 1125(a))

41.     Merck repeats and realleges paragraphs 1 through 40 above as if fully set

forth herein.

42.     Defendants' use of the ZOCOR® trademark as described above, which is

without license or permission from Merck, violates § 43(a) of the Lanham Act, 15 U.S.C. §

1125(a).  Defendants have used a false designation of origin, a false or misleading description

and representation of fact which is likely to cause confusion, mistake, and to deceive the public

into believing that there is an affiliation, connection or association of Defendant with Merck,

and/or that the "ZOCOR" "Generic" products originate with, or are sponsored, licensed,

approved or somehow sanctioned by or affiliated with Merck.

43.     The activities of Defendants complained of herein are willful and

intentional.

44.     The conduct of the Defendants complained of herein has caused and will

continue to cause substantial irreparable damage and injury to Merck for which there is no

adequate remedy in law.


**COUNT IV**
**UNFAIR COMPETITION** (15 U.S.C. § 1125(a)

45.     Merck repeats and realleges paragraphs 1 through 44 as if fully set forth

herein.

46.     In the United States, ZOCOR patients who have purchased their

medication in pharmacies located in this country are aware that there is no available FDA

approved generic substitute for Merck's ZOCOR product, that the only available FDA approved simvastatin product in the United States is ZOCOR brand simvastatin, and that this product originates from or is sponsored and approved by a single source of origin, namely Merck. Thus, these patients understand that only Merck's ZOCOR brand simvastatin product can be lawfully sold in the United States.

47.     Defendants' aforementioned activities violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants have used in commercial advertising and promotions, words and false or misleading descriptions or representation of facts concerning the nature, qualities or characteristics of their goods or commercial activities and/or those of another person, i.e. Merck, and which also are likely to cause confusion, to cause mistake or to deceive the aforementioned United States ZOCOR patients. By such activities of Defendants, U.S. patients will be lead to believe that Defendants' "ZOCOR" "Generic" products are either legally authorized by the FDA for sale in the United States, or that such products originate with, or are sponsored, licensed, approved or somehow sanctioned by or affiliated with Merck, neither of which is in fact the case.

48.     The activities of Defendants complained of herein are willful and intentional.

49.     The conduct of Defendants complained of herein has caused and will continue to cause substantial irreparable damage and injury to Merck for which there is no adequate remedy at law.

## COUNT V
## TRADEMARK DILUTION (15 U.S.C. § 1125(c))

50.     Merck repeats and realleges paragraphs 1 through 49 above as if fully set forth herein

51.     The ZOCOR® trademark is strong and inherently distinctive.  The mark
has become famous as a result, *inter alia*, of Merck's long, extensive and continuously exclusive
use of the mark, and Merck's extensive sales, advertising and promotion throughout the United
States of products bearing the mark.  As a result, the ZOCOR® trademark is favorably
recognized by consumers and those in the trade as identifying the products of Merck.  The
unlawful acts of Defendants alleged herein were commenced and occurred at a time after
Merck's mark became famous.

52.     Defendants' use of the ZOCOR® trademark in connection with the sale of
their "ZOCOR" "Generic" products, which is without license or permission from Merck, has
caused irreparable dilution of the distinctive quality of the ZOCOR® trademark in violation of 15
U.S.C. § 1125(c)(1), causing irreparable injury to Merck.

53.     Through its activities alleged above, Defendants willfully intended to trade
on Merck's reputation and to cause dilution of the ZOCOR® trademark.

54.     The conduct of the Defendants complained of herein has caused and will
continue to cause substantial irreparable damage and injury to Merck for which there is no
adequate remedy in law.

## COUNT VI
## TRADEMARK INFRINGEMENT AND UNFAIR
## COMPETITION (N.Y. General Business Law §§ 360-1, 360-o)

55.     Merck repeats and realleges paragraphs 1 through 54 above as if fully set
forth herein.

56.     The acts of Defendants as described above, which are without license or
permission from Merck, constitute trademark infringement and unfair competition in violation of

Merck's rights under the common law of the State of New York and N.Y. General Business Law §§ 360-1, 360-o.

57.     Merck has sustained and will continue to sustain irreparable injury as a result of Defendants' illegal commercial activities, for which there is no adequate remedy at law.

## COUNT VII
### DILUTION (N.Y. General Business Law § 360-1)

58.     Merck repeats and realleges paragraphs 1 through 57 above as if fully set forth herein.

59.     The acts of Defendants as described above, which are without license or permission from Merck, are likely to dilute and detract from the distinctiveness of the ZOCOR® trademark, with consequent damage to Merck and the business and goodwill symbolized by said trademark, in violation of the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-1.

60.     Merck has sustained and will continue to sustain irreparable injury as a result of Defendants' illegal commercial activities, for which there is no adequate remedy at law.

## COUNT VIII
### DECEPTIVE ACTS AND PRACTICES (N.Y. General Business Law § 349-350)

61.     Merck repeats and realleges paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendants' activities as described above, which are without license or permission from Merck, constitute deceptive acts and practices in violation of N.Y. Gen. Business Law §§ 349-350.

63.     Merck has sustained and will continue to sustain irreparable injury as a result of Defendants' illegal commercial activities, for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

A.      A judgment that the '784 patent has been infringed by Defendants;

B.      A judgment pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees and affiliates, and all others in active concert or participation with any of the foregoing, from further infringement of the '784 patent;

C.      A judgment finding that Defendants' patent infringement has been willful and deliberate and that this is an exceptional case, pursuant to 35 U.S.C. § 284 and § 285;

D.      A judgment awarding Plaintiffs damages caused by the infringing activities and awarding increased damages and prejudgment interest;

E.      A judgment awarding Plaintiffs their attorneys' fees, costs and expenses in this action;

F.      A judgment that Defendants have infringed and diluted Merck's trademark rights in the ZOCOR® trademark, and have engaged in unlawful, unfair competition under the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as amended, and under the common law, and that such actions have been willful and intentional;

G.      A judgment that Defendants, their officers, directors, agents, servants, employees, representatives, successors and assigns, and all those in active concert or participation with any of the foregoing who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently from:

a.      Using the ZOCOR® trademark, or any other mark or term confusingly similar to the ZOCOR® trademark, in connection with the marketing,

- 14 -

sale, offering for sale, advertisement, or promotion of "ZOCOR" "Generic" products;

        b.     Using the ZOCOR® trademark or any other mark or term confusingly similar to the ZOCOR® trademark as a keyword for purposes of directing Internet traffic to Defendants' website; and

        c.     Committing any act intended or likely to cause the public to believe that Defendants or any generic simvastatin product that Defendants sell is legally approved for sale in the United States by the FDA, or is in any manner connected, affiliated, sponsored, approved, or associated with Merck, from otherwise competing unfairly with Plaintiffs; and from making any false or misleading descriptions or representations of fact about their or Merck's products.

        H.     That Defendants be directed to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction, a report in writing, under oath, setting forth in detail the manner in which the Defendants have complied with the injunction.

        I.     That Defendants be directed to account for and pay over to Merck all gains, profits and advantages derived from Defendants' wrongful acts pursuant to 15 U.S.C. § 1117(a).

        J.     That Merck be awarded compensatory damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

        K.     That Merck be awarded treble damages pursuant to 15 U.S.C. § 1117.

        L.     That Merck be awarded costs, disbursements and attorney's fees pursuant to 15 U.S.C. § 1117.

M.      A judgment that Defendants have engaged in trademark infringement and unfair competition under New York General Business Law §§ 360-1, 360-o and under New York common law.

N.      A judgment that Defendants have caused injury to Merck's business reputation and dilution of the distinctive quality of Merck's trademarks in violation of § 360-1 of the New York General Business Law.

O.      A judgment that Defendants have engaged in unlawful deceptive acts and practices in violation of New York General Business Law §§ 349-50.

P.      An order pursuant to Fed. R. Civ. Pro. 64 in favor of Plaintiffs attaching any assets of Defendants within the jurisdiction of this Court.

Q.      That Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

FITZPATRICK, CELLA, HARPER & SCINTO

By: _____
Robert L. Baechtold (RB6866)
Nina Shreve (NS4731)
Peter Shapiro (PS8180)

30 Rockefeller Plaza
New York, New York 10112-3801
(212) 218-2100

Attorneys for Plaintiffs
Merck & Co., Inc. and MSD
Technology L.P.

Dated: New York, New York
        April 11, 2005